Anthony Oliver, #2019040074
1050 Carl Griffin Drive
Savannah, Georgia 31405

Plaintiff Appearing Pro Se

FILED
JUL 16 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

(PR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV19   4110   JSC

ANTHONY OLIVER,

    Plaintiff,

v.

SQUARE, INC., a Delaware
Corporation;

Case No:

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
PURSUANT TO 47 U.S.C. 227,
et seq.

JURY TRIAL DEMANDED

Plaintiff Anthony Oliver, ("Plaintiff"), brings this Complaint against Defendant Square, Inc., ("Defendant") to stop the Defendant's practice of making unauthorized text message calls to consumer's cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters. Plaintiff further brings this action for damages, injunctive relief, and any other available legal or equitable remedies resulting from the illegal actions of the Defendant.

www.PrintablePaper.net

1

Defendant negligently, and/or willfully contacted Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227, et seq, despite the fact Plaintiff has never requested to have Defendant contact him.

I. NATURE OF THE ACTION

In a misguided effort to promote its money tranfer application to consumers worldwide, Defendant engages in an invasive and unlawful form of outreach through the transmission of unauthorized text messages calls to the cellular telephones of consumers throughout the nation.

By effecting consumers with these unauthorized text message calls, Defendant has violated the called parties' statutory rights and has caused consumers like Plaintiff actual harm, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies unauthorized automated text messages, but also becomes harassing in nature. Because consumers, like Plaintiff, must frequently pay their cell phone service providers or incur a usage allocation deduction from their calling plans for the receipt of such messages, notwithstanding that the text messages were made in violation of specific legislation on the subject.

In order to redress these injuries, Plaintiff brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. 227 (the TCPA"), which protects the privacy rights of consumers to be from receiving unauthorized text messages.

www.PrintablePaper.net

2

On behalf of himself, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized text messages and an award of actual and statutory damages together with costs of suit.

II. JURISDICTION AND VENUE

This Court has Federal jurisdiction and Federal question subject matter jurisdiction under 28 U.S.C. 1331, as the action arises under the Federal Telephone Consumer Protection Act, 47 U.S.C. 227.

This Court has personal jurisdiction over Defendant, because Defendant does business in this District, is registered to do business in California, and because the alleged violations of the TCPA arose from this District.

Venue is proper in this District under 28 U.S.C. 1391(b) because Defendant conducts business in this District and because a substantial part of the events concerning the conduct at issue occurred in this District as the unauthorized text messages were received by Plaintiff after Defendant transmitted its text messages from San Francisco, California.

III. PARTIES

Plaintiff Anthony Oliver is a citizen of Georgia over the age of 18 years old, and at all times herein a "person" as defined by 47 U.S.C. 153(10).

www.PrintablePaper.net

Defendant Square Inc., is a Delaware Corporation with its principal place of business located in San Francisco, California, and is the operator of its money transferring and depositing application.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT

The TCPA was passed into law and enacted in 1991. The TCPA also regulates and restricts the use of automatic telephone equipment. The TCPA protects consumers from unwanted calls and text messages that are made with auto dialers and with prerecorded messages.

Specifically, 47 U.S.C. 227(b) provides:
Prohibitions it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States —

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system... (iii) to any telephone number assigned to a paging telephone dialing system or paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

The Federal Communications Commission, ("FCC"), is empowered to issue rules and regulations implementing the TCPA.

Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. See Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009)(the FCC has determined that a text message falls within the meaning of "to make any call" in violation of 47 U.S.C. 227(b)(1)(A); Toney v. Quality Res., Inc., 75 F. Supp. 3d 727, 734 (N.D. Ill 2014)(Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending her the text message).

The FCC has "repeatedly acknowledged the existence of vicarious liability under the TCPA." See Gomez v. Campbell-Ewald Co., 768 F.3d 871, 878, (9th Cir. 2014) (citing In re Joint Petition Filed by Dish Network, LLC, 28 Fcc. Rcd. 6574, (2013). Principles of apparent authority and ratification may also provide a basis for vicarious seller liability for violations of Section 227(b). See Thomas v. Taco Bell Corp., 582 F. App'x 678 (9th Cir. 2014)(citing 28 F.C.C., Rcd at 6590 n. 124). A ratification occurs when the benefits of the purportedly unauthorized acts are accepted with full knowledge of the facts under the clear circumstances demonstrating the intent to adopt the unauthorized arrangement. Stalley v. Transitional Hosps. Corp of Tampa, Inc., 44 So. 3d 627, 631 (Fla. 2d DCA 2010).

IV. COMMON ALLEGATIONS OF FACT

A common type of inexpensive marketing is to advertise through Short Message Services, ("SMS"). An SMS Message is a text message call directed to a wireless device through the use of the telephone number assigned to the device.

www.PrintablePaper.net

5

When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. Unlike more conventional advertisements, SMS calls, and particularly wireless spam, invade consumers privacy and can cost their recipients money, because cell phone users like Plaintiff have to pay their respective wireless service providers for each text message call they receive, incur a usage allocation deduction from the total number of text messages allowed under their cell phone plan, or pay a fixed or variable usage fee, regardless of whether or not the message is authorized.

For instance, on or about March 10, 2019, Plaintiff's cell phone rang two times in succession indicating that he had received a text message call. The "From" field of the transmission was identified as "28581", which is a telephone number known as an SMS short code operated by Defendant's agents for the said purpose of sending text messages en masse. The body of the text message was to advertise Defendant's money application. Defendant routinely sends out these text messages to advertise its application to have consumers download its application, transfer money, and pay the Defendant a service fee each time a transfer from person to person identical to the services of Western Union, but only the service is quicker, and the fee is far less.

Defendant's use of an SMS short code enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers. At no time did Plaintiff provide his consent, including written consent, no register his phone number to receive the above-referenced text message advertisement or any such wireless spam text messages from Defendant.

www.PrintablePaper.net

6

At no time did the Plaintiff contact the Defendant in writing, by internet, telephone, facsimile, or email.

Defendant and/or its agents used an automatic telephone dialing system to transmit the text message at issue. Upon information and belief, Defendant and/or its agent(s) transmit text message advertisements to persons who did not provide Defendant with prior express written consent to receive such messages.

Upon information and belief, there are hundreds, if not thousands, of recipients who received the Defendant's text messages through their agents. In addition, Plaintiff's belief is that Defendant continues, and will continue to send these unsolicited text messages unless restrained by this Court.

The TCPA's ban on telephone calls made using an automatic telephone dialing system ("ATDS"), as defined by 47 U.S.C. 227(a)(1), has been interpreted to extend to unsolicited autodialed text messages sent to cellular phones. E.G. FCC Declaratory Ruling, 27 F.C.C.R. 15391, 2012 WL 5986338 (Nov. 29, 2012); Gager v. Dell Fin. Servs., Inc., 727 F.3d 265, 269 n.2., (7th Cir. 2013).

Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and likely others in distributing the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Plaintiff and making injunctive or corresponding declaratory relief for the Plaintiff and to protect people from receiving the Defendant's text messages.

www.PrintablePaper.net

7

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227, et Seq. (TCPA)
### Plaintiff v. Defendant

Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

Defendant directed the placement of authorized commercial text message calls to the wireless telephone number of Plaintiff using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

The generic text message calls were made en masse through the use of a long code without the prior express written consent of Plaintiff.

Therefore, the said Defendant has therefore, violated the Federal Statute TCPA, 47 U.S.C. 227 (b)(1)(A)(iii).

Defendant used an ATDS to send these generated text messages to the Plaintiff.

As a result of Defendant's illegal conduct, Plaintiff had his own privacy rights violated, has suffered actual and statutory damages, and under Section 227 (b)(3)(B), and is entitled to, inter alia, a minimum of $500.00 in damages for each violation of the TCPA violations that the Defendant has committed, or up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. 227 (b)(3)(B).

8

To the extent Defendant knew or should have known that the Plaintiff did not provide prior written consent to be sent the wireless spam messages at issue, the Court should, pursuant to Section 227(b)(3)(c), treble the amount of statutory damages recoverable by Plaintiff, but in the amount of $1500.00.

Additionally, Plaintiff is entitled to, and does seek injunctive relief prohibiting such future conduct by the Defendant.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks for judgment against the Defendant as follows:

1. For an award of compensatory damages according to proof;
2. Statutory damages of $500.00, or treble damages of $1,500.00 for each text message violation of the TCPA;
3. In addition to actual damages, statutory damages by law;
4. For costs of suit pursuant to Fed. R. Civ. P., 54(d), and 28 U.S.C. 1920;
5. An injunction requiring Defendant to cease sending all automated illegal text messages to Plaintiff and other cell phone recipients;
6. Such further relief as this Court deems just and proper.

Respectfully submitted
Dated: July 8, 2019

Anthony Oliver, Plaintiff
Pro Se

JURY TRIAL DEMAND

Plaintiff Anthony Oliver respectfully requests a jury trial on all issues so triable.

Respectfully Submitted,

Dated: July 8, 2019

Plaintiff Anthony Oliver
Pro Se

CERTIFICATE OF SERVICE:

I, Anthony Oliver, hereby certify that a copy of this document, Complaint for damages, will be served on all parties via the Court's CM-ECF program.

Respectfully Submitted,

Dated: July 8, 2019

Plaintiff Anthony Oliver
Pro Se