JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

ROSE LEDA EHLER (State Bar No. 296523)
Rose.Ehler@mto.com
NEFI D. ACOSTA (State Bar No. 311178)
Nefi.Acosta@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Defendant Square, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY OLIVER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SQUARE, INC.,<br><br>　　　　　Defendant. | Case No. 19-CV-04110-JSC<br><br>**DECLARATION OF ROSE LEDA EHLER IN SUPPORT OF DEFENDANT SQUARE, INC.'S MOTION TO ENLARGE TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>Judge: Hon. Jacqueline Scott Corley<br>Crtrm: F, 15th Floor |

# **DECLARATION OF ROSE LEDA EHLER**

I, Rose Leda Ehler, hereby declare:

1. I am admitted to practice before all of the courts of the State of California and this Court. I am a partner at the law firm of Munger, Tolles & Olson LLP and counsel of record for Defendant Square, Inc. ("Square") in the above-captioned matter. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, I could and would testify competently to the matters set forth herein

2. Square very recently retained Munger Tolles & Olson to represent it in this matter.

3. I understand that Plaintiff's Complaint was served on Square on November 18, 2019, Dkt. No. 17, and that Square's response is therefore due on December 9, 2019.

4. In my judgment, an extension of 21 days to respond to Square's Complaint would provide Square and its outside counsel the necessary time to review and investigate the factual allegations of Plaintiff's Complaint and file a response that would best assist the Court. In particular, Square needs to investigate whether Plaintiff entered into an arbitration agreement with Square to determine whether a Rule 12(b)(1) motion to compel arbitration and dismiss the case is appropriate here. The initial time to respond included the Thanksgiving holiday week, November 28 and 29, during which time I understand that Square's offices were closed and Square's investigator was not available to begin his work. Given the sparse factual allegations in Plaintiff's Complaint regarding his telephone number or other interactions with Square, I understand it may take substantial time to determine whether Plaintiff did (or did not) enter into an arbitration agreement.

5. Further, based on my initial research, it appears that Plaintiff has a history of frivolous and vexatious litigation that may be relevant to this action. In particular, it appears that Plaintiff may have filed in Northern District of California

to avoid pre-filing requirements in the Southern District of Georgia, the jurisdiction in which the events allegedly took place.  The requested extension of time will allow me and my colleagues to research this history and, if appropriate, move for relief.

6. Plaintiff is currently incarcerated and has provided the Court with only a mailing address for contact information.  Given the already-short window to respond, I was not able to seek his stipulation to this extension before filing this motion with the Court.

7. If the Court denies the requested extension, Square will be forced to respond to Plaintiff's Complaint without the benefit of a full investigation and in a very limited period of time.  In addition, in my judgment, absent relief, Square's response will be less likely to streamline the issues because Square will not have sufficient time to review Plaintiff's claims and determine whether it should move to compel arbitration or file a different response to Plaintiff's Complaint.  Moreover, if Square determines that it should move to compel arbitration, then requiring Square to first respond with an answer or dispositive motion would, in my judgment, result in a waste of resources.

8. There have been no previous time modifications in this case.

9. In my judgment, granting Square the requested extension is highly unlikely to have any material effect on the case schedule or prejudice Plaintiff in any way.  The Court has not yet established a schedule for this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 4th day of December, 2019, at Los Angeles, California.

Rose Leda Ehler