JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

ROSE LEDA EHLER (State Bar No. 296523)
Rose.Ehler@mto.com
NEFI D. ACOSTA (State Bar No. 311178)
Nefi.Acosta@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendant Square, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY OLIVER,<br><br>                Plaintiff,<br><br>        vs.<br><br>SQUARE, INC.,<br><br>                Defendant. | Case No. 19-CV-04110-RS<br><br>**DEFENDANT SQUARE, INC.'S MOTION TO REVOKE AND DISMISS PURSUANT TO 28 U.S.C. § 1915(g)**<br><br>[Filed concurrently with Defendant Square's Request for Judicial Notice]<br><br>Judge: Hon. Richard Seeborg<br>Crtrm: 3, 17th Floor<br>Date:   January 23, 2020<br>Time:   1:30 pm |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on January 23, 2020, at 1:30 pm, or as soon thereafter as may be heard, in Courtroom 3 on the 17th Floor of the above-entitled Court located at 450 Golden Gate, San Francisco, California 94102, Defendant Square, Inc. ("Square") will and hereby does move to revoke Plaintiff's *in forma pauperis* status and dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(g).[1]

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Request for Judicial Notice, all pleadings and papers on file in this matter, and such other matters as may be presented to this Court at the hearing or otherwise.

## STATEMENT OF RELIEF SOUGHT

Square seeks an order, pursuant to 28 U.S.C. § 1915(g) dismissing Plaintiff's lawsuit without prejudice because Plaintiff has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" and he therefore cannot proceed *in forma pauperis* ("IFP") with this action. *Id.*

## STATEMENT OF ISSUES TO BE DECIDED

Whether Plaintiff, on three or more prior occasions, while incarcerated or detained, brought actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim.

---

[1] Square has concurrently filed an administrative motion to extend the deadline to answer or otherwise respond to Plaintiff's Complaint until 14 days after this Motion has been resolved. This Motion is not Square's responsive pleading.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Anthony Oliver is no stranger to this Court (nor the many other courts through the federal and state judiciaries). Plaintiff's long history of vexatious litigation has been well documented: he has been declared a vexatious litigant by (1) the California state courts and the federal district courts for (2) the Central District of California and (3) the Southern District of Georgia (twice).[2] In this Court alone, he has filed numerous lawsuits within the last year, even setting forth the same claims for relief as in this action.[3] Plaintiff has chosen Square as his most recent target.

While detained in Chatham County jail, Plaintiff filed his conclusory Complaint asserting a single violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").[4] Dkt. 1. Plaintiff has since been convicted of aggravated stalking, criminal attempt, and false statements and sentenced to 20 years in Georgia state prison, where he is currently incarcerated. *See* Offender Record [Search Anthony Oliver], www.dcor.state.ga.us/GDC/Offender/Query.

Through this Motion, Square seeks dismissal, without prejudice, pursuant to 28 U.S.C. § 1915(g). To preserve Court resources and deter frivolous and bad faith litigation, Square respectfully requests the Court revoke Plaintiff's IFP status and dismiss the Complaint.

## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or

---

[2] *See Oliver v. Progressive Financial/Bright House Networks*, San Bernardino County Superior Court No. SMCVS1300943, Minute Order (August 22, 2013 and September 12, 2013) (attached to Request for Judicial Notice (hereinafter "R.J.N.") Exhibit A); *Oliver v. Luner*, 2:18-cv-02562-VAP, Dkt. No. 99, at 4-9 (C.D. Cal. Sept. 26, 2018) (R.J.N. Exhibit B); *Oliver v. Cty. Of Chatham*, No. CV417-101, 2018 WL 1573560, at *2 (S.D. Ga. Mar. 30, 2018) (R.J.N. Exhibit C), *report and recommendation adopted*, 2018 WL 2449201 (S.D. Ga. May 31, 2018) (R.J.N. Exhibit D); *Oliver v. Lyft, Inc.*, No. 4:19-cv-00125-WTM-CLR Dkt. 54 (S.D. Ga. Sept. 13, 2019 (R.J.N. Ex. E), *report and recommendation adopted*, Dkt. 56 (Oct. 21, 2019) (R.J.N. Ex. F).

[3] *See, e.g., Oliver v. Lyft, Inc.*, No. 3:19-CV-00270-RS (filed Jan. 14, 2019); *Oliver v. Lyft, Inc.*, No. 3:19-cv-01488-WA (filed Mar. 21, 2019) (also a TCPA case).

[4] Square takes its legal obligations under the TCPA seriously, but based on the paucity of the Complaint's allegations and Plaintiff's letters to counsel, it appears Plaintiff has brought this action simply to extort a payment from Square.

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This rule, commonly referred to as the "three strikes rule," "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *McElroy v. Adam*, 2019 WL 2744722, at *3 (N.D. Cal. July 1, 2019) (quoting *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001)). The result of finding three strikes is a dismissal without prejudice. *Id.*

This Court counts "strikes" as those lawsuits, filed while the Plaintiff was incarcerated or detained—whether or not he is released—that resulted in dismissal on grounds that the action was (1) "frivolous," meaning "of little weight or importance: having no basis in law or fact"; (2) "malicious," meaning "filed with the 'intention or desire to harm another'"; or (3) "fails to state a claim on which relief may be granted," interpreted pursuant to the same Federal Rule of Civil Procedure 12(b)(6) standard. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted). If the Court finds three strikes, the case is dismissed without prejudice and the prisoner cannot proceed with his action unless he pays the full filing fee at the outset of the action. *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997) (affirming district court's denial of IFP status and dismissing complaint without prejudice under section 1915(g)).

**ARGUMENT**

The Northern District of Georgia recently dismissed Plaintiff's complaint in *Oliver v. Kemp*, No. 1:19-cv-05014-TCB, Dkt. 4 (N.D. Ga. Nov. 20, 2019) *report and recommendation adopted*, Dkt. 6 (N.D. Ga. Dec. 11, 2019) for failure to comply with 28 U.S.C. § 1915(g). That dismissal was proper.

The following actions were filed by Plaintiff Oliver while incarcerated or detained and dismissed for failure to state a claim[5]:

---

[5] The Ninth Circuit has held that dismissals for failure to state a claim, even if without prejudice to refiling may count as a strike for purposes of § 1915(g). *O'Neal v. Price*, 531 F.3d 1146, 1154 (9th Cir. 2008) ("[A] dismissal without prejudice counts as a strike, so long as the dismissal is

1. Report and Recommendation at 1, 8, 9, *Oliver v. County of Isanti*, No. 0:10-cv-04218 (ADM/JJG) (D. Minn. Nov. 3, 2010), Dkt. 4 (R.J.N. Ex. H) (dismissing action filed by "Plaintiff, a prisoner in California state prison" because "the Court concludes that Plaintiff's complaint fails to state a cause of action on which relief can be granted" and concluding the dismissal "should count as a 'strike'" under § 1915(g)), *report and recommendation adopted* Dkt. 8 (D. Minn. Dec. 30, 2010) (R.J.N. Ex. I).

2. Order at 1, 4, 5, *Oliver v. Reays Ranch Investors*, No. 4:10-cv-00158-JMR-PSOT (D. Ariz. July 19, 2010), Dkt. 22 (R.J.N. Ex. J) (dismissing action filed by Plaintiff while "confined in . . . California Correctional Institution in Tehachapi, California" because "Plaintiff has failed to state a claim" and instructing the clerk to note in the docket that the dismissal may count as a "strike").

3. Order at 1, 4, 5, *Oliver v. Sloane*, No. 4:10-cv-0169-JMR-PSOT (D. Ariz. June 8, 2010), Dkt. 17 (R.J.N. Ex. K) (dismissing action filed by Plaintiff while "confined in . . . California Correctional Institution in Tehachapi, California" because "Plaintiff has failed to state a claim" and instructing the clerk to note in the docket that the dismissal may count as a "strike").

4. Order Dismissing Second Amended Complaint at 1, 8, *Oliver v. Gore*, No. 3:09-cv-02505-BEN-POR (S.D. Cal. May 11, 2010), Dkt. 19 (R.J.N. Ex. L) (dismissing action filed by Plaintiff while "a state prisoner" "incarcerated at California Correctional Institution located in Tehachapi, California" for "failing to state a claim").

Accordingly, Square has met its burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" *King*, 398 F.3d at 1120 (quoting § 1915(g)). Unless Plaintiff can rebut this showing, which he cannot, his IFP status should be revoked and the case dismissed without prejudice.

---

made because the action is frivolous, malicious, or fails to state a claim." (citing *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir.1999))).

## CONCLUSION

For the foregoing reasons, Square respectfully requests the Court revoke Plaintiff's IFP status and dismiss Plaintiff's Complaint without prejudice.

DATED:  December 18, 2019                MUNGER, TOLLES & OLSON LLP


By:  _____/s/ Rose Leda Ehler_____
         ROSE LEDA EHLER
         Attorneys for Defendant Square, Inc.